## SIMS v. HARPER

---

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)
(February 5, 1930. Writ of Certiorari and Review Denied by Supreme Court.)

---

· Roland B. Howell, of Thibodaux, attorney for plaintiff, appellee.

Chas. J. Mundy, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff brings this petitory action against the defendant, Jefferson Harper, alleging that, in the early part of 1928, she acquired by authentic act of sale all of the undivided interest of the heirs of Gilbert Bradley in and to several pieces of property situated in the parish of St. Charles; that Gilbert Bradley died intestate, the succession being opened in the Twenty-Eighth judicial district court in the parish of St. Charles, under the number of 1242 of the docket thereof; that judgment was rendered in the succession proceedings, sending the heirs of Bradley into possession of his property, included in which was a certain lot No. 126, described in plaintiff's petition; that the defendant Harper is in possession of lot No. 126 and refuses to surrender possession thereof to plaintiff.

Defendant, in his answer, admitted substantially the allegations of plaintiff's petition, but claimed to be the owner of lot No. 126 by virtue of a certain act of sale and purchase passed before Joseph Clement Triche, a notary public, on July 5, 1906, whereby Gilbert Bradley transferred to defendant lot No. 132, instead of lot No. 126; "that Gilbert Bradley could not read or write and erroneously gave to Mr. Joseph Clement Triche, the notary before whom the act of sale was passed, the description of lot No. 132, instead of lot No. 126, and which erroneous description was thus incorporated in said deed without the knowledge or the intent of either party to this transaction." Further answering, defendant avers that he went into immediate possession of lot No. 126, "built his house and other buildings thereon without any hint of objection of said Bradley that he (respondent) was on the wrong land; that respondent and Bradley lived side by side, within a few yards of each other, for nearly three years, until Bradley's death, without either party to the transaction (knowing) that there had been a mistake made in the description contained in respondent's deed"; that his family are still in possession and have been for over twenty-two years; that plaintiff "was not in good faith because she well knew before she purchased the land that respondent was in possession of lot No. 126 and believed that he was the absolute owner thereof."

The plaintiff filed a rule for a judgment upon the face of the pleadings, which was made absolute. From this judgment defendant has appealed.

Every issue presented by this record was considered in the case of Gonsoulin vs. Sparrow, 150 La. 103, 90 So. 528, where it was held that innocent third parties who deal on the face of public records are protected thereby; that the fact that the purchaser of real estate knew that the prior owner occupied the property when they bought is not sufficient to prove that they acted in bad faith; that article 1881, Rev. Civ. Code, declaring engagements made through error, fraud, etc., voidable by the parties who have contracted under such influence, does not affect third persons, because such defects are of a latent character and persons who have acted in good faith by purchasing from the owner of record are entitled to be recognized as owner against one in possession, claiming that the deed was signed in error, or that he failed to read it, or to have it read to him.

The cited case is controlling and fully supports the judgment appealed from.

For the reasons assigned, the judgment appealed from is affirmed.

HIGGINS, J., takes no part.